Stegall, J., concurring:
I join the majority opinion in all respects but one. I concur in the court's holding that there was no separation of powers violation, though I do not agree with the majority's rationale. I do not think that "because the State's attorney was acting as an officer of the court, there is no violation of the separation of powers." Op. at 1107. Instead, I would hold that there was no separation of powers violation because, as the majority recites elsewhere, "Breedlove failed to carry his burden to show that the district court did not do what it was supposed to do, i.e., conduct an independent review of the record." Op. at 1106 (citing Breedlove v. State , No. 115,401, 2017 WL 3001360, at *3 [Breedlove IV ] ). This means, necessarily, that there is no indication in the record that the judicial branch "shared" its exclusive governing function with any other branch of government.
The majority opinion, by relying instead on the notion that a prosecuting attorney is an officer of the court, suggests that a prosecuting attorney can constitutionally carry out a judicial function because "there is some overlap between the powers of the various branches of government and ' "separation of powers of government has never existed in pure form except in political theory." ' " Op. at 1106. I strongly disagree.
I have previously critiqued our separation of powers jurisprudence-in particular the pernicious notion of "overlapping" and "shared" powers that must be "harmonized" to give government "sufficient flexibility to experiment and to seek new methods of improving governmental efficiency." State, ex rel. Schneider v. Bennett , 219 Kan. 285, 289, 547 P.2d 786 (1976). See Solomon v. State , 303 Kan. 512, 538, 364 P.3d 536 (2015) (Stegall, J., concurring) (criticizing the rule that "the constitutional separation of powers can essentially be waived by the departments of government whenever they find such separation an inconvenient impediment to some sought-after governmental end misapprehends and may fatally undermine the fundamental purpose of such walls of separation in the first instance-to prevent the 'gradual concentration of the several powers in the same department' which 'may justly be pronounced the very definition of tyranny.' [James Madison, The Federalist No. 51, p. 321 and No. 47, p. 301 (C. Rossiter ed. 1961) ].").
As I have written:
"I would return this court to the active judicial role and obligation to guard and protect a clear and strong wall of separation between each of the three great departments of government-keeping each within its proper province and protecting those provinces from colonization by the other two departments. It is within the judicial province to carefully exercise this power without deference to the other branches, and it is the duty of our department to carry out this obligation without regard to whether the results are perceived to be either beneficial or detrimental to judicial interests or other sub-constitutional interests such as what we (or any other government official) decide is 'practicable' or 'efficient.' " Solomon , 303 Kan. at 545, 364 P.3d 536 (Stegall, J., concurring).
Moreover, the slide into permitting prosecutors to exercise judicial or even quasi-judicial functions is not an innocent one and may have deleterious real-world consequences. See State v. Ingham , 308 Kan. 1466, 1483, 430 P.3d 931 (2018) (Stegall, J., concurring) (explaining that giving prosecutors "the authority to decide what the law is ... gives rise to doubts about whether such laws violate the doctrine of separation of powers" and " 'invite[s] arbitrary power' " into the criminal justice system); Kisor v. Wilkie , No. 18-15, 2019 WL 2605554, at *27, 588 U.S. ----, ----, 139 S. Ct. 2400, --- L.Ed. 2d ---- (filed June 26, 2019) (Gorsuch, J., concurring) (allowing an agency to "both write and interpret rules that bear the force of law" unites "powers the Constitution deliberately separated and den[ies] the people their right to *1113 an independent judicial determination of the law's meaning"); Gundy v. United States , No. 17-6086, 2019 WL 2527473, at *21, 588 U.S. ----, ----, 139 S. Ct. 2116, 204 L.Ed. 2d 522 (filed June 20, 2019) (Gorsuch, J., dissenting) (arguing that allowing the Attorney General to enforce an Act while also allowing the Attorney General to rule when and to whom the Act applies "would be to mark the end of any meaningful enforcement of our separation of powers and invite the tyranny of the majority that follows"); Sessions v. Dimaya , 584 U.S. ----, 138 S. Ct. 1204, 1228, 200 L.Ed. 2d 549 (2018) (Gorsuch, J., concurring in part and concurring in judgment) (overlooking the separation of powers between branches leaves "prosecutors free to 'condem[n] all that [they] personally disapprove and for no better reason than [they] disapprove it' ").
For these reasons, I would hold that on the one hand, there is no evidence in this case that the prosecutor exercised a judicial power. On the other hand, I would be more vigilant to police this important governmental boundary-rather than permit its blurring on the suspect notion that because a prosecutor is an "officer of the court" he or she is necessarily engaged in carrying out an "overlapping" power.